Kelly SLOCUM, Plaintiff–Appellant,

v.

Michael PALINKAS, et al., Defendants–Appellees.

No. 01–3450.

United States Court of Appeals, Sixth Circuit.

Nov. 6, 2002.

Before MARTIN, Chief Circuit Judge; and NELSON and GILMAN, Circuit Judges.

## OPINION

GILMAN, Circuit Judge.

Kelly Slocum filed an action against Police Officer Michael Palinkas and Palinkas's employer, the Village of Geneva–on–the–Lake, stemming from a confrontation between Slocum and Palinkas that left Slocum severely injured. Slocum's claims are based on alleged violations of his Fourth and Fourteenth Amendment rights, as well as on alleged violations of state law. The district court granted summary judgment in favor of the defendants on Slocum's federal claims, and dismissed Slocum's pendant state-law claims without prejudice. Slocum now appeals, arguing that the district court erred in finding that (1) Slocum's injuries were not inflicted during the course of a seizure by law enforcement officers, and (2) Palinkas's actions did not violate Slocum's substantive due process rights. For the reasons set forth below, we AFFIRM the judgment of the district court.

## I. BACKGROUND

The district court's thorough and well-reasoned decision sets forth the facts in detail. We will therefore discuss below only those facts that are necessary to render this opinion.

Slocum is a disabled individual who requires the use of two canes in order to walk. He was socializing at a tavern with family and friends, including his brother, when his brother became embroiled in a dispute on the tavern's front porch. Officer Palinkas, responding to a broadcast over the police radio about an altercation at the tavern, approached the front porch to provide back-up assistance for Officer Cedoz, who was already on the scene. At about the same time, Slocum heard that his brother was involved in an argument and was in the process of being arrested.

Slocum went outside to the porch and saw Cedoz removing the handcuffs from his brother's wrists. As Slocum approached his brother, Palinkas told Slocum to step back. The parties' versions of the facts diverge at this point. According to Slocum, Palinkas placed his open right hand under Slocum's armpit and his left hand on the right-hand side of Slocum's body. Although Slocum contends that Palinkas then "threw" him to the ground, other portions of Slocum's deposition acknowledge that Palinkas was "pushing [him] back" and that "it was like a push and twist, I guess you could say." Palinkas, on the other hand, contends that he did nothing more than raise his left arm in an attempt to separate Slocum from his brother and Cedoz, which caused Slocum to step backward and fall onto the porch. In any event, Slocum fractured two vertebrae as a result of the fall.

## II. ANALYSIS

### A. Standard of review

We review the district court's grant of summary judgment de novo. *Sperle v. Michigan Dep't of Corr.*, 297 F.3d 483, 490 (6th Cir.2002). Summary judgment is proper where there exists no issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). We construe all reasonable factual inferences in favor of the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), and ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### B. Fourth Amendment claim

■ The Fourth Amendment's prohibition of unreasonable seizures confers a right to be free from a police officer's use of excessive force during a seizure. *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (holding "that all claims that law enforcement officers have used excessive force ... in the course of an arrest, investigatory stop, or other 'seizure' ... should be analyzed under the Fourth Amendment") (emphasis omitted). As the district court pointed out, however, Slocum's injury did not occur during the course being "seized." *See id.* at 395 n. 10 ("A 'seizure' triggering the Fourth Amendment's protections occurs only when government actors have, by means of physical force or show of authority, ... in some way restrained the liberty of a citizen.") (internal quotation marks omitted) (alteration in original). No effort was made to arrest or otherwise detain Slocum. We therefore conclude that the district court did not err in granting summary judgment for the defendants on Slocum's Fourth Amendment claim.

### C. Fourteenth Amendment claim

When a "nonseized" individual is physically injured by law enforcement officers, we analyze the individual's excessive-force claim pursuant to the substantive component of the Fourteenth Amendment. *Claybrook v. Birchwell*, 199 F.3d 350, 359 (6th Cir.2000) ("[C]onstitutional tort claims asserted by persons collaterally injured by police conduct who were not intended targets of an attempted official 'seizure' are adjudged according to substantive due process norms."); *see also Wolff v. McDonnell*, 418 U.S. 539, 558, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) ("The touchstone of due process is protection of the individual against arbitrary action of government."). A plaintiff must prove that the defendant's

conduct "shocks the conscience" in order to prevail on such a claim. *County of Sacramento v. Lewis*, 523 U.S. 833, 847–50, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) (holding that a police officer's accidentally crashing his vehicle into the decedent's vehicle after a high-speed pursuit did not shock the conscience). In a "rapidly evolving, fluid, and [potentially] dangerous predicament[ ]," such as the one at the tavern in the present case, the application of force by a government actor "shocks the conscience" only when "the force was applied maliciously and sadistically for the very purpose of causing harm." *Darrah v. City of Oak Park*, 255 F.3d 301, 306–07 (6th Cir.2001) (internal quotation marks omitted) (holding that a police officer's striking the plaintiff, who was grabbing the officer's ankle to prevent him from arresting another individual in an unruly crowd, did not shock the conscience).

■ We concur in the district court's conclusion that, as a matter of law, Palinkas's conduct did not "shock the conscience." Slocum's encounter with Palinkas, even accepting as true the version of the events as related by Slocum, provides no basis for finding that the officer's actions under the circumstances were malicious and sadistic for the very purpose of causing harm. As the district court stated, "the fact that Officer Palinkas could have used less force under these circumstances[ ] perhaps made him careless or even over zealous, but simply does not make his conduct violative of the Fourteenth Amendment."

### III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.